EL PUEBLO EX REL JUSINO, DEMANDANTE Y APELANTE, *v.*
DÁVILA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Segundo Distrito, en un caso de *quo warranto.*

No. 2652.—Resuelto en julio 6, 1922.

FUNCIONARIOS MUNICIPALES—RENUNCIA—RETIRO DE LA RENUNCIA.—Una vez aceptada debidamente la renuncia de un funcionario municipal y nombrada otra persona para cubrir la vacante, dicha renuncia no puede ser retirada aun cuando hubiera sido presentada para tener efecto en el futuro. Un cargo queda vacante cuando la renuncia del que lo desempeña ha sido aceptada debidamente.

ID.—ID.—ID.—SESIONES DE LAS ASAMBLEAS MUNICIPALES—SUSPENSIÓN.—Las sesiones de las asambleas municipales excepto las extraordinarias serán de días

consecutivos, excluyéndose los domingos y días de fiesta legales y la suspensión de una sesión por más de tres consecutivos días generalmente equivale a una suspensión sin término.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. L. Santiago Carmona* y *J. C. Jusino.*

Abogado del apelado: *Sr. M. Gaetán Barbosa.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Aparece de la opinión de la corte inferior que Virgilio Dávila en once de enero de 1921 y por resolución de la Asamblea Municipal de Bayamón fué nombrado Comisionado Municipal de Instrucción de Bayamón y entró en el ejercicio de sus funciones en debida forma. En 3 de marzo de 1921, el Concejo de Administración de Bayamón concedió una licencia a dicho comisionado con sueldo, desde el 4 hasta el 31 de marzo, 1921, nombrándose un sustituto. Estando en uso de esa licencia, el 18 de marzo dicho Dávila dirigió una carta a la asamblea municipal presentando su renuncia del cargo para tener efecto el día 31 de marzo de 1921. La carta contenía los motivos que le inducían a renunciar. En la que parece ser una sesión suspendida desde el 18 de marzo de 1921, en 21 de marzo celebró sesión la asamblea municipal y considerando legítimos los fundamentos alegados admitió la renuncia. Acto seguido y por mayoría de votos, el peticionario en este caso, José C. Jusino, fué designado para cubrir la vacante. Al margen del acta el secretario escribió la siguiente nota:

"Esta acta aparece sin firmar porque no fué aprobada, habiendo sido declarada nula, así como sus acuerdos en la sesión del 1 de abril de 1921, de conformidad con la opinión del Honorable Attorney General de Puerto Rico."

Aparece que de acuerdo con dicha opinión las sesiones de la asamblea municipal celebradas en 21 de marzo y en otros días eran nulas toda vez que no habían sido celebradas en

orden consecutivo como prescribe la ley. La asamblea entonces celebró sesión en abril 1°., 1921, y declaró nulos y sin ningún valor los acuerdos de ciertos días, incluyendo el acuerdo o votación tomado en marzo 21, 1921.

Dice la corte inferior que la actuación de la asamblea anuló no sólo la designación del peticionario, sino también la acción de la asamblea al aceptar la renuncia de Dávila. En 31 de marzo este último actuando, según dijo, a instancia de varios amigos, retiró su renuncia. La Asamblea de Bayamón estuvo entonces conforme en que la renuncia había sido retirada.

El apelante sostuvo en la corte inferior, que la sesión de marzo 21 era una sesión extraordinaria o suspendida y estaba dentro de las facultades de la asamblea municipal el celebrar tal sesión como efectivamente fué celebrada. La corte inferior no resolvió la cuestión de la legalidad de las sesiones, pero desestimó la petición por el fundamento de que la renuncia era en forma suspensiva o contingente pues sólo había de tener efecto en marzo 31, y que como en ese día Dávila retiró su renuncia no surgió la vacante; que las renuncias para tener efecto en el futuro pueden ser retiradas. Nos inclinamos a convenir con el apelante y las autoridades que cita en que una vez que ha sido debidamente aceptada una renuncia no puede ser retirada después de nombrada otra persona para cubrir la vacante. El Juez Presidente Hernández renunció en esta corte en el otoño de 1921 a tener efecto su renuncia el día 9 de enero de 1922. Su renuncia fué aceptada y su sucesor, el actual Juez Presidente, nombrado, pero no confirmado su nombramiento, antes de llegar el día 9 de enero. Creemos que no había duda de que el término del anterior Juez Presidente hubiera expirado en enero 9, 1922, y que hay, si acaso, aún menos duda de que el nuevo Juez Presidente fué válidamente nombrado si bien el término del Juez Presidente Hernández realmente no había vencido en el momento en que el nuevo Juez Presidente fué así nominado. El artículo 208 del Código Político, prescribe

entre otros particulares, que un cargo queda vacante por renuncia debidamente aceptada.

Vuelve entonces a suscitarse la cuestión de si la sesión de marzo 21 fué una válida. Si no lo era entonces no hubo aceptación de la renuncia y no existe vacante alguna. Ni la corte ni las partes han discutido este punto. En los autos se transcribe la opinión del Attorney General. La Asamblea de Bayamón se reunió en sesión ordinaria el día 7 de marzo, 1921, que era un lunes. En esa sesión se resolvió que en vez de reunirse diariamente se celebrarían sesiones cada viernes. De conformidad con esto fué celebrada una sesión en marzo 11 y marzo 18, y según parece una sesión suspendida en marzo 21, siendo el último día mencionado el que está en discusión. La Ley No. 9 de 1920, después de prescribir para una sesión inaugural en enero después de una elección general, pasa a prescribir que la asamblea municipal celebrará sesiones ordinarias el primer lunes después del primer martes del mes de marzo de cada año y éstas durarán no más de quince (15) días consecutivos, en los municipios de primera clase; diez (10) consecutivos en los de segunda y cinco (5) consecutivos en los de tercera, excluyendo los domingos y los de fiesta legal; que podrían celebrarse sesiones extraordinarias cuando lo solicite una mayoría de los miembros de la asamblea o el concejo de administración, estando también limitadas en cuanto al tiempo tales sesiones extraordinarias. El Fiscal General llama la atención a que una suspensión de la sesión desde el lunes 7 hasta el viernes 11, sin mediar ningún domingo o día de fiesta legal, era por sí ilegal puesto que era una suspensión por más de tres días que es el límite para una suspensión de una sesión ordinaria o extraordinaria de la Legislatura misma; que un receso por más de tres días era equivalente a una suspensión, citando el caso del *Municipio de Quebradillas* v. *El Secretario Ejecutivo*, 27 D. P. R. 147. La opinión del Fiscal General era que la suspensión desde el día 7 hasta el 11 era equivalente a una suspensión

sin término (*sine die*).   Si esto era cierto en cuanto a la sesión del 11 de marzo, la de marzo 18 tenía menos justificación.   El Attorney General aplicaba por analogía el precepto de la Ley Orgánica que limita los recesos de una cámara a tres días en ausencia del consentimiento de la otra; que una sola cámara como una asamblea no podía nunca por tanto suspender sus sesiones por más de tres días.   El artículo 23 de la Ley Municipal hace aplicable el precepto de la Ley Orgánica a las municipalidades en tanto sea posible.

O el Attorney General tiene razón, o una asamblea municipal no tiene ningún derecho a tomar recesos en absoluto. La ley dice que la sesión debe consistir de días consecutivos. Expresa la petición que Bayamón es una ciudad de segunda clase.   Por tanto las sesiones de la asamblea municipal deben terminar después de diez días consecutivos, excluídos los domingos y días de fiestas.   La sesión empezó legalmente en marzo 7 y una sesión celebrada en marzo 21 es más de diez días consecutivos con posterioridad al 7 de marzo, y creemos que no pudo haber ninguna sesión legal en ese día.

El apelante, sin embargo, también sostuvo que la sesión de marzo 21, 1921, era una sesión extraordinaria.   Cómo fué que llegó el apelante a esta conclusión, no lo sabemos.   No hemos visto en los autos nada que lo justifique.   Los autos muestran que en abril 1, después de la opinión del Attorney General, la Asamblea Municipal de Bayamón anuló o consideró anulada su sesión de marzo 21.   Al demandante incumbía demostrar que la asamblea municipal se había reunido en sesión extraordinaria.

El apelante también ataca la suficiencia de la contestación en parte por exponer materias basadas en información y creencia que deben ser expresadas por conocimiento personal.   Pero si un demandado está negando la existencia de una asamblea legal válida le sería difícil expresar el hecho de su conocimiento personal, envolviendo tal asamblea legal una conclusión de derecho.   Cuando por consiguiente el de-

mandado por información y creencia negó la existencia de tal asamblea legal el peticionario tuvo amplia oportunidad de saber lo que se quiso decir. En el juicio apareció claramente la anulación por la asamblea de sus propias sesiones. Por lo menos el apelante no sufrió ningún perjuicio debido a la forma de la contestación.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.